# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

FRED NEKOUEE,

    Plaintiff,

v.

AKSHAY HOTELS, LLC,

    Defendant.

Case No. 18-2293-JAR-JPO

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Fred Nekouee's Motion for Attorney's Fees and Memorandum in Support (Doc. 24). The motion is fully briefed and the Court is prepared to rule. As described below, the Court denies Plaintiff's motion and strikes his Bill of Costs (Doc. 25).

**I.    Background**

Plaintiff filed this Complaint on June 2, 2018 against Defendant Akshay Hotels, LLC, seeking declaratory and injunctive relief, as well as attorney's fees and costs, associated with alleged violations of Title III of the Americans with Disabilities Act ("ADA").[1] Specifically, Plaintiff alleges that the La Quinta Inn in Overland Park, Kansas, owned by Defendant, is out of compliance with the ADA in its parking area, entrance, interior lobby, men's lobby restroom, interior restaurant, certain accessible guestrooms, the pool area, and fitness center.

After Defendant filed its Answer, it sought to stay the case while it voluntarily remediated the ADA-compliance issues identified by Plaintiff in his Complaint.[2] In the motion,

---

[1] Doc. 1.

[2] Doc. 19. Defendant's Answer was filed after the Court granted its unopposed motion to set aside a Clerk's Entry of Default. *See* Docs. 11–13.

Defendant represented to the Court that after Plaintiff verified compliance, Defendant would move to dismiss the case as moot.[3] Defendant acknowledged that if the anticipated motion to dismiss resolved the case, the Court would be left to decide whether to exercise its discretion to award Plaintiff his attorney's fees and consulting costs under 42 U.S.C. § 12205.[4]

On September 27, 2018, Magistrate Judge James O'Hara held a scheduling conference with the parties and heard from them on the motion to stay. Later that day, he issued a Scheduling Order, which granted Defendant's motion to stay over Plaintiff's objection.[5] Judge O'Hara explained in his Order:

> The court respectfully concludes that plaintiff's opposition to a limited stay simply can't be squared with the proportionality mandate of Fed. R. Civ. P. 26(b)(1). Once the liability phase of this case is resolved (be that shortly after January 31, 2019, or otherwise), there'll be more than enough time to determine whether, and to what extent, plaintiff should receive an award of fees and expenses.
>
> The court is inclined to be believe that, as a practical matter, despite the project-completion target date, it'll be necessary to work though some punch-list items. In any event, by March 1, 2019, the parties must file a joint status report on where the corrective work stands, and outlining their respective positions on how the case should proceed.[6]

The parties filed joint status reports on March 1 and 11, 2019, stating that Defendant had completed most of the corrective work, except for a few punch-list items, and setting forth agreed deadlines for Plaintiff's application for attorney's fees, costs, and expenses, and Defendant's response thereto.[7]

---

[3] Doc. 19.

[4] *Id.* at 2–3.

[5] Doc. 21.

[6] *Id.* at 2.

[7] Docs. 22, 23.

**II. Discussion**

Plaintiff seeks attorney's fees, expenses, and costs under 42 U.S.C. § 12205, which provides: "In any action . . . commenced pursuant to this chapter, the court . . . in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs . . . ." In *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Services*, the Supreme Court held that a party becomes a "prevailing party" under a fee-shifting statute where there is a "court-ordered 'chang[e][in] the legal relationship between [the plaintiff] and the defendant.'"[8] Obtaining an enforceable judgment on the merits, a court-ordered consent decree, or a settlement that materially alters the legal relationship between the parties will confer prevailing party status under *Buckhannon*.[9]

Plaintiff claims in his motion for attorney's fees that Judge O'Hara's September 27, 2018 Scheduling Order is a "court-ordered change in the legal relationship of the Plaintiff and Defendant" because it granted Defendant's request for a stay based on its representation that it was addressing all the ADA compliance issues identified in Plaintiff's Complaint. Plaintiff baldly asserts:

> By granting the stay, the Court changed the legal relationship of the Plaintiff and Defendant. Based on the stipulations by Defendant's counsel on the record to address all violations in the Complaint by a stated date and the corrective work performed to date, the Plaintiff's claims have merit. By virtue of the stay, the Plaintiff was prevented from seeking immediate injunctive relief, thereby altering the legal relationship of the parties.[10]

---

[8] 532 U.S. 598, 604 (2001) (quoting *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1988)).

[9] *Id.*; *see also Bell v. Bd. of Cty. Comm'rs of Jefferson Cty.*, 451 F.3d 1097, 1102–04 (10th Cir. 2006).

[10] Doc. 24 at 2.

Plaintiff cites no authority for the proposition that a court order granting a motion to stay changes the relationship of the parties as contemplated by the Supreme Court in *Buckhannon*. In fact, *Buckhannon* stands for the opposite of the proposition suggested by Plaintiff in his motion—that Defendant's voluntary efforts to comply with the ADA in response to the Complaint confers prevailing-party status on Plaintiff. In *Buckhannon*, the plaintiff argued that a "catalyst theory" should determine prevailing party status under the fee-shifting statutes.[11] Under this catalyst theory, "a plaintiff is a 'prevailing party' if it achieves the desired result because the lawsuit brought about a voluntary change in the defendant's conduct."[12] The Supreme Court explicitly rejected the catalyst theory in *Buckhannon*, explaining that "[i]t allows an award where there is no judicially sanctioned change in the legal relationship of the parties. . . . A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary *judicial imprimatur* on the change."[13]

As in *Buckhannon*, there is no judicial imprimatur on any change in the parties' relationship here. Plaintiff misreads the Scheduling Order. Unlike the judicial imprimatur discussed by *Buckhannon* and its progeny, Judge O'Hara did not mandate in his order that Defendant remediate the ADA violations identified in the Complaint, nor did he rule on the merits in any way. Judge O'Hara merely granted Defendant's motion to stay, and mandated that the parties file a status report. Of course, had the parties submitted a joint status report by the deadline stating that they had reached an impasse on remediating the violations, they would have still been in compliance with his Order. Moreover, Judge O'Hara explicitly withheld judgment on Plaintiff's entitlement to attorney's fees.

---

[11]*Buckhannon*, 532 U.S. at 601.

[12]*Id*.

[13]*Id.* at 605 (emphasis in original).

Even where parties reach a private settlement agreement, it does not confer prevailing party status on the Plaintiff unless the Court has some level of judicial oversight:

> Hence, if a court does not incorporate a private settlement into an order, does not sign or otherwise provide written approval of the settlement's terms, and does not retain jurisdiction to enforce performance of the obligations assumed by the settling parties, the settlement "does not bear any of the marks of a consent decree" and does not confer prevailing party status on the party whose claims have been compromised. *See LaGrange Sch. Dist. No. 102*, 349 F.3d at 479; *see also Smyth*, 282 F.3d at 285; *cf. Smalbein ex rel. Smalbein v. City of Daytona Beach*, 353 F.3d 901, 905–06 (11th Cir.2003) (permitting fee award where settlement "was incorporated by reference into the order of dismissal and the court retained jurisdiction to enforce [its] terms"). A fee award cannot be based on an order that "merely recognizes the fact of the parties' agreement and dismisses the case because there is no longer a dispute before it." *Smith*, 401 F.3d at 24.[14]

Here, while Judge O'Hara recognized Defendant's representations about performing corrective work at the hotel, he did not sign an order requiring Defendant to perform that work. He only stayed the deadlines in this case to allow Defendant the opportunity to perform corrective work. Even the type of order contemplated by Defendant in its motion to stay—an order dismissing the case as moot—would not confer prevailing-party status on Plaintiff absent some directive that would allow Plaintiff to enforce Defendant's performance obligations.[15] There is no record of judicial imprimatur on any of Defendant's voluntary conduct in this case, thus Plaintiff is not a prevailing party under 42 U.S.C. § 12205. Likewise, he is not entitled to costs, and his bill of costs must be stricken.

---

[14]*Bell*, 451 F.3d at 1103 (footnote omitted).

[15]*See Biodiversity Conservation Alliance v. Stem*, 519 F.3d 1226, 1229–30 (10th Cir. 2008) (holding district court order conditionally dismissing case as moot did not confer prevailing-party status and explaining: "in order for a party to prevail, the court's statement must lend judicial teeth to the merits of the case. More specifically, a party is entitled to attorneys' fees only if it could obtain a court order to enforce the merits of some portion of the claim it made in its suit.").

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Attorney's Fees and Memorandum in Support (Doc. 24) is **denied**. The Clerk shall strike Plaintiff's Bill of Costs (Doc. 25).

**IT IS SO ORDERED.**

Dated: May 14, 2019

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE
